# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6379 | **DATE** | 4/16/2012 |
| **CASE TITLE** | Equal Employment Opportunity Commission v. University of Chicago Medical Center | | |

**DOCKET ENTRY TEXT**

For the reasons stated above, the Court grants the Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

      Recently, one of the parties contacted the Court to determine the status of a pending motion in this matter and to determine if the parties were required to submit any further briefing. A review of the docket reflects that through some clerical error, the suit was inadvertently terminated on September 14, 2011. As such, the pending motion was removed from the list of pending motions that the Court relies on to file its rulings. Since the case was terminated, all motions in this case were erased from the Court's pending motions list –a list which numbers over 100 on any given day of the week – and therefore the motion had never been addressed by the Court. Had the issue been brought to the Court's attention earlier, most certainly the Court would have addressed it before now. Parties, however, fear offending a busy district court judge by pestering her with the need for their rulings. Unfortunately here, that meant that the Court never even knew it was being dilatory. Regardless, the case is now back on the docket, the motion is now fully briefed and the Court has a ruling for the parties with an apology for having the motion slip through the cracks, and a direction not to be timid in the future and freely notify the Court of any motions pending more than three months.

      The Equal Employment Opportunity Commission made an application for an Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced. The EEOC describes their application as an action for enforcement of a subpoena issued to The University of Chicago Medical Center pursuant to Section 107(a) of the Americans with Disabilities Act. *See* 42 U.S.C. §12117(a). For the following reasons, the Court grants the Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced.

### BACKGROUND

      The EEOC is currently investigating allegations of discrimination filed against the University of

## STATEMENT

Chicago Medical Center ("UCMC"). These charges arise under the ADA, and include allegations of discrimination based on disability, race, age and retaliation. The EEOC states that its investigation to date has shown that UCMC may maintain a blanket leave policy under which employees are summarily discharged after 12 weeks of leave. Such a policy would violate the ADA. Based on that understanding, the EEOC issued a request for information on May 26, 2010. This request required UCMC to provide information to the EEOC by June 11, 2010. UCMC partially responded to the EEOC's request on July 12, 2010. UCMC expressed concerns about divulging confidential medical information in violation of HIPAA and its more restrictive Illinois law counterpart, IMHA. UCMC asked that the parties pressing charges with the EEOC execute releases of their medical files. On July 14, 2010, the EEOC issued the subpoena that is currently in controversy. This administrative subpoena requires UCMC to produce to the EEOC:

1. The complete medical files of the parties charging discrimination with the EEOC.

2. A document identifying all *employees* who were employed at any time from May 1, 2009, to the present, *who have requested any type of absence due to a medical condition*, at any time during their employment. For each individual, provide their: name, race, age, date of birth, position title(s), type of absence requested, *reason for requested absence*, beginning and anticipated ending date of absence, actual ending date of absence, date and reason for discharge (if applicable), current or last known home address(es) and all known telephone number(s).

3. For all employees who were employed at any time from May 1, 2009, to the present, all documentation of their requests to extend a leave of absence due to a medical condition.

(emphasis added). UCMC petitioned to modify the subpoena as overly broad. UCMC argued that the subpoena required documentation of employees who missed just one day of work, among other things. The EEOC denied UCMC's request on November 30, 2010. To date, UCMC states that it has complied with the first part of the subpoena by producing the requested medical files. It acknowledges that it has substantially complied with the second part of the subpoena by supplying a document identifying employees who requested medical absence during the relevant time period. And it claims that it has worked with the EEOC to narrow and answer the third part of the subpoena.

The present issue is whether UCMC must comply with the EEOC's subpoena by providing the balance of the information sought within the second request of the subpoena. Specifically, UCMC does not wish to disclose to the EEOC the contact information for two former employees. These two former employees, Susan Slaviero and Cynthia St. Aubin, were UCMC's Employee/Labor Relations Manager and UCMC's Director of the Recruitment and Nursing Career Center, respectively. Before St. Aubin became Director of the Recruitment and Nursing Career Center she was Director of the Nursing Career Center. In furtherance of Slaviero's role, she had conferences with in-house and outside counsel regarding UCMC's disability and leave policies and practices. In this capacity, she sought legal advice on how to handle specific employees' leave situations. St. Aubin oversaw requests from employees to return from leave and evaluated their qualifications to do so.

## LEGAL STANDARD

Subpoena enforcement proceedings "'are designed to be summary in nature.'" *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002) (quoting *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987)). A district court must enforce an administrative subpoena "[a]s long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant . . . ." *Tempel Steel Co.*, 814 F.2d at 485. Yet an agency's subpoena power is not limitless. *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 72 (1984).

Privileges are governed by the principles of the common law as they may be interpreted by the courts in the light of reason and experience. *See* Fed. R. Evid. 501. However, in a civil action, with respect to an element of a claim or defense to which State law supplies the rule of decision, the privilege is determined under State law. *Id.* In this case, the EEOC is conducting its investigation pursuant to the ADA, and consequently the privilege is determined by federal law. The Rules of Professional Conduct for the Northern District of Illinois are identical to the ABA Model Rules. ABA Model Rule 4.2 states:

> During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

ABA Model Rule 4.2 Comment 7 states that those who are considered represented are (a) employees who supervise, direct or regularly consult with the corporation's lawyer regarding the matter; (2) employees who are authorized to obligate the corporation with respect to the matter; and (3) *employees whose acts or omissions in connection with the matter may be imputed to the organization for purposes of civil or criminal liability*; and notes that:

> In the case of a represented organization, [Rule 4.2] prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. *Consent of the organization's lawyer is not required for communication with a former constituent.* If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f). In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rule 4.4.

(emphasis supplied).

**DISCUSSION**

The EEOC argues that its subpoena should be enforced because: (1) UCMC does not have any valid, independent defense for non-compliance with the subpoena because it is valid and within the agency's authority; (2) compliance with the subpoena will not impose an undue burden on UCMC; and (3) UCMC has no basis for conditioning compliance with the subpoena on the EEOC permitting UCMC to be present at investigatory interviews with former manager. In response, UCMC argues that ABA Model Rule of Professional Conduct 4.2 places a bar on *ex parte* communications with former managers about their past managerial decision-making conduct, which could be imputed onto UCMC for liability purposes. Further, UCMC argues that compliance with the subpoena creates a potential risk of disclosure of information protected by attorney-client privileged. UCMC does not dispute that the subpoena is within the Agency's power or that compliance will not impose an undue burden on UCMC. The dispute between the parties centers around the applicability of Rule 4.2 on former employees of UCMC.

The Seventh Circuit has not addressed the issue of whether former employees are excluded from the protections of Rule 4.2. The Seventh Circuit has adopted the three-part test set out by the ABA in its commentary to the Model Rules for determining whether a *current* employee is within the scope of the rule. See *Weibrecht v. Southern Illinois Transfer, Inc.*, 241 F.3d 875, 881 (7th Cir. 2001). Courts in this District have held that the protections of Rule 4.2 do not attach to former employees, even those in managerial positions. *See, e.g., Thorn v. Sunstrand Corp*, 1997 WL 627607, at *3 (N.D. Ill. Oct. 10, 1997) ("former employees do not constitute parties 'represented by another lawyer' and, therefore, counsel is not restricted from communicating with an adverse party's former employees pursuant to Rule 4.2") ; *Orlowski,* 937 F. Supp. at 728 ("This Court finds that former employees, including former managers, are not encompassed by Rule 4.2, and may freely engage in communications with Plaintiffs' counsel."); *Shamlin v. Commonwealth Edison Co.*, 1994 WL 148701 at *3 (N.D. Ill. Apr. 20, 1994) ("In addition, the majority of courts that have addressed the issue of the application of Rule 4.2 to former employees of a corporate party, have held that Rule 4.2 permits counsel to communicate with and interview any former employees of a corporate adversary"). A number of opinions from other districts confirm that this is now the "majority view." *See, e.g., Gianzero v. Wal-Mart Stores, Inc.*, 2011 WL 1740624, at *2-3 (D. Colo. May 5, 2011) ("the need to inquire into the responsibilities and authority of a constituent does not apply to an organization's former constituents...consent of the organization's lawyer is not required for communication with a former constituent.") (internal citations omitted); *Arista Records LLC v. Line Group LLC*, 784 F.Supp.2d 398, 416 (S.D.N.Y. May 2, 2011) ("A lawyer may have ex parte contact with the opposing party's former employees."); *Hobson v. Commc'ns Unlimited, Inc*., 2011 WL 414948, at *2 (N.D. Ga. Feb. 7, 2011) (Moreover, th[e] protection [of Rule 4.1] does not apply to former managers"); *Smith v. Kalamazoo Ophthalmology*, 322 F.Supp.2d 883, 888-891 (W.D. Mich. 2004) ("A majority of courts that have considered the issue have held that Rule 4.2 does not bar ex parte communications with an adversary's former employees who are not themselves represented in the matter.").

The possibility that former employees may reveal damaging information is insufficient to implicate Rule 4.2. *See, e.g., Orlowski,* 937 F. Supp. at 728 (citing *Ahern v. Board of Educ. Of City of Chicago*, 1995 WL 680476, at *1 (N.D. Ill. Nov. 14, 1995)). Former employees are outside the scope of Rule 4.2 because, unlike current employees, former employees cannot bind the corporation. *See id.* (citing *Brown v. St. Joseph*

| STATEMENT |
|---|

*County*, 148 F.R.D. 246, 252 (N.D. Ind. 1993)).  Furthermore, Rule 4.2 does not prevent a plaintiff's lawyer from contacting former employees without the consent of the organization's lawyer because statements by former employees can no longer constitute admissions of the corporation or acts binding on the corporation, since they are no longer agents of the corporation. *See, e.g., Shamlin v. Commonwealth Edison Co.*, 1994 WL 148701 at *3 (N.D. Ill. Apr. 20, 1994).  The Court concludes that the EEOC can contact former managers *ex parte* for the purposes of this administrative investigation, prior to the potential commencement of a lawsuit. However, former employees are barred from discussing with the EEOC any privilege information that they may be privy to.  *See, e.g., Orlowski,* 937 F. Supp. at 728.

**CONCLUSION**

　　For the reasons stated above, the Court grants the Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced.